**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 07-00288-KD-B |
| | ) | |
| KIMBERLY DAWN FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on defendant Kimberly Dawn Fisher's letter request for early termination of probation. (Doc. 138-1). Through her probation officer, Fisher has indicated that she waives any right to a hearing on the issue.[1] On October 18, 2007, Fisher pleaded guilty to Count 3 of the Indictment, which charged possession of a firearm by a user of unlawful substances in violation of 18 U.S.C. § 922(g)(3). Fisher was sentenced on October 28, 2008, to a three year term of probation. (Doc. 124).

Title 18 U.S.C. § 3564(c) permits the Court to terminate probation at any time after a defendant has completed at least one year of probation, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

The government objects to early termination based on information they have received that Fisher has continued to have contact with an incarcerated co-defendant. The government also alleges that in a recorded conversation between Fisher and the co-defendant, Fisher sounds

---

[1] A hearing on modification of supervised released is not required if "the person waives the hearing." Fed. R. Crim. P. 32.1(c)(2)(A).

impaired. The co-defendant at issue is the father of Fisher's son. (Doc. 138).

The Court has considered the supervising officer's recommendation for early termination and the 18 U.S.C. § 3553(a) factors, including the fact that Fisher has been fully compliant with her terms of probation, has not tested positive for any illicit substances, is gainfully employed and is actively seeking reinstatement of her license as a registered nurse. Upon consideration, the Court finds that early termination of Fisher's probation is warranted by her conduct and in the interest of justice.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that defendant Kimberly Dawn Fisher's letter request for early termination of probation is **GRANTED** such that the term of probation imposed on October 28, 2008, is **TERMINATED**.

The Clerk of the Court is **DIRECTED** to mail a copy of this order to the Defendant at 3330 Alabama Highway 22, Valley Grande, Alabama 36701.

**DONE** and **ORDERED** this the **22nd** day of **March 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**